UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| IN RE:<br>Jerry (NMN) Williams<br>Gwendolyn Genelle Williams<br>105 Iroquois Drive<br>Greenwood, SC 29646<br><br>DEBTOR | CASE NO: 13-02027<br>CHAPTER: 13<br><br>NOTICE OF PLAN MODIFICATION BEFORE CONFIRMATION, MOTIONS TO VALUE SECURITY, AVOID JUDICIAL LIEN, AVOID A NONPURCHASE-MONEY, NONPOSSESSORY SECURITY INTEREST AND LIEN, AND/OR TO ASSUME OR REJECT AN EXECUTORY CONTRACT/UNEXPIRED LEASE |
|---|---|

**I. NOTICE TO AFFECTED CREDITORS AND PARTIES IN INTEREST**: The above-captioned debtor[1] previously proposed a chapter 13 plan and motions; debtor now moves, pursuant to 11 U.S.C. § 1323 and Fed. R. Bankr. P. 2002(a)(5), to modify the proposed plan and motions as detailed below:

**Paragraph II(C) – amended to change value of Debtors interest and value of lien for Greenwood Municipal FCU**

**Paragraph IV(B)(4) – amended to increase payment to creditor Greenwood Municipal FCU**

This modification to the chapter 13 plan and motions, and the remaining terms of the chapter 13 plan and motions set forth below, may affect your rights. Failure to object may constitute an implied acceptance of and consent to the relief requested.

    A. ADDITIONS, MODIFICATIONS, OR DELETIONS: All additions or modifications to the Courts form plan (See exhibits to SC LBR 3015-1 and 3015-2, SC LBR refers to the SC Local Bankruptcy Rules, available at www.scb.uscourts.gov) are highlighted by italics. Deletions are noted as Not Applicable or by striking through the deleted provisions. If changes are substantial or if an alternative plan is proposed, a cover sheet that summarizes and identifies the changes shall be filed and served herewith.

    B. DEADLINE FOR FILING OBJECTIONS, NOTICE OF HEARING ON CONFIRMATION OF CHAPTER 13 PLAN AND MOTIONS: Objections to the motions and any provision of the plan must be made in accordance with SC LBR 9014-1, properly served, and filed with the United States Bankruptcy Court, 1100 Laurel Street, Columbia, SC 29201, within twenty-eight (28) days from the date this document is filed. Timely objections will be heard at the confirmation hearing, notice of which is given separately in the Notice of Meeting of Creditors. If a timely objection is filed after the confirmation hearing, a separate hearing on the objection will be scheduled and notice of such a hearing will be given. If no timely objection is filed, the Court, upon recommendation of the chapter 13 trustee and

---

[1] When used herein, the term "debtor" shall apply as applicable either in the singular or in the plural, if there are joint debtors in the case.

without further hearing or notice, may enter an order confirming the plan and granting the motions.

**II. MOTION TO VALUE SECURITY, AVOID JUDICIAL LIEN, AVOID A NONPURCHASEMONEY, NONPOSSESSORY SECURITY INTEREST AND LIEN, AND/OR TO ASSUME OR REJECT AN EXECUTORY CONTRACT/UNEXPIRED LEASE.** The debtor requests that confirmation of this plan alter the rights of the following creditor:

A. <u>Nonpossessory, Nonpurchase-Money Lien</u>: The debtor moves, pursuant to 11 U.S.C. § 522(f), to avoid the following nonpossessory, nonpurchase-money security interest and lien in household goods:

| Name of creditor and description of property securing lien | Value of Debtors interest in property | Total of all other liens | Exemption | Estimated security interest/debt | Security interest Not avoided (see IV(B)(4) below) | Security interest to be avoided (see IV(E) below) |
|---|---|---|---|---|---|---|
| 1st Franklin Financial<br><br>Household goods | $2,975 | N/A | $9,000 | $2,565 | $0.00 | $2,565 |
| Credit Central<br><br>Household goods | $2,975 | N/A | $9,000 | $1,167 | $0.00 | $1,167 |
| Credit Central<br><br>Household goods | $2,975 | N/A | $9,000 | $500 | $0.00 | $500 |
| Regional Finance<br><br>Household goods | $2,975 | N/A | $9,000 | $1,788 | $0.00 | $1,788 |
| Regional Finance<br><br>Household goods | $2,975 | N/A | $9,000 | $1,300 | $0.00 | $1,300 |
| Regional Finance<br><br>Household goods | $2,975 | N/A | $9,000 | $770 | $0.00 | $770 |
| Republic Finance<br><br>Household goods | $2,975 | N/A | $9,000 | $1,490 | $0.00 | $1,490 |

| | | | | | |
|---|---|---|---|---|---|
| Springleaf Financial<br><br>Household goods | $2,975 | N/A | $9,000 | $1,746 | $0.00 | $1,746 |

    B. <u>Judicial Lien</u>: The debtor moves, pursuant to 11 U.S.C. § 522(f), to avoid the following judicial lien:[2]

| Name of creditor and description of property securing lien | Estimated judicial lien | Total of all senior/ unavoidable liens | Applicable Exemption and Code Section | Value of the debtors interest in property | Judicial lien not avoided | Judicial lien avoided |
|---|---|---|---|---|---|---|
| NONE | | | | | | |

    C. <u>Valuation of Security</u>: The debtor moves, in accordance with 11 U.S.C. § 506, to establish the value of a lien as follows:

| Name of creditor and description of property securing lien | Value of Debtors interest in property | Holder and amount of superior liens | Estimate of creditors claim | Value of lien (see IV(B)(4) below) | Unsecured claim after valuation (see IV(E) below) |
|---|---|---|---|---|---|
| **Greenwood Municipal FCU**<br><br>**2000 Cadillac Deville Sedan** | $4,275.00 | N/A | $4,460.73 | $4,275.00 | $185.73 |
| **Regional Finance**<br><br>**1989 Ford F-150** | $1,168.00 | N/A | $2,162.00 | $1,168.00 | $994.00 |

    D. <u>Assumption or Rejection of Executory Contract/Unexpired Lease</u>: The debtor moves for the assumption of the following executory contract and/or unexpired lease. The debtor agrees to abide by all terms of the agreement and to cure any pre-petition arrearage or default in the manner below. Any executory contract or unexpired lease not specifically mentioned is rejected.

| Name of Creditor and lease or contract to be assumed | Amount of regular payment | Estimated amount of Default (state if none) | Cure Provisions for any default paid by (Debtor or trustee) | Regular payments to be paid by Debtor directly to creditor beginning (month/year) |
|---|---|---|---|---|
| NONE | | | | |

---

[2] For co-owned property, see In re Ware, 274 B.R. 206 (Bankr. D.S.C. 2001) and Exhibit C to SC LBR 4003-2.

### III. THE CHAPTER 13 PLAN: PAYMENT OBLIGATIONS OF THE DEBTOR.

A. <u>Payments from the debtor to the chapter 13 trustee (the trustee)</u>: The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan. In addition, the debtor will pay to the trustee any portion of a recovery under a pre-petition claim or cause of action that constitutes disposable income or is not exempt.

The debtor shall pay to the trustee the sum of **$845.00** per month for a period of **1** month then the sum of **$357.00** per month for period of **59** months, unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan.

**THE FIRST TRUSTEE PAYMENT IS DUE THIRTY (30) DAYS AFTER THE FILING OF YOUR CHAPTER 13 BANKRUPTCY PETITION. YOUR PETITION WAS FILED ON  *April 2, 2013* ; THEREFORE, YOUR FIRST TRUSTEE PAYMENT WILL BE DUE  *May 2, 2013*  AND WILL BE DUE THE  *2nd*  OF EACH MONTH THEREAFTER.**

**THE LOWER PAYMENT OF $357.00 SHALL BEGIN ON JUNE 2, 2013 AND CONTINUE ON THE 2ND OF EVERY MONTH THEREAFTER.**

**All Trustee payments are to be sent to the following address:**

> GRETCHEN D. HOLLAND
> CHAPTER 13 TRUSTEE
> P.O. BOX 1757
> MEMPHIS, TN 38101-1757

B. <u>Payments from the debtor directly to creditors</u>: The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. The debtor may be required to pay some or a portion of pre-petition debts directly to a creditor in addition to required payments to the trustee, as indicated in paragraph II(D) above and/or in the paragraphs that follow.

**IV. PLAN DISTRIBUTIONS TO CREDITORS.** To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation, must be filed with the Court. If a claim designated in this plan as secured is filed as an unsecured claim and the plan is confirmed, the claim may be treated as unsecured for purposes of plan distributions by the trustee. If a creditor files a proof of claim alleging that the claim is secured, but does not timely object to the confirmation of the plan and the claim is treated as unsecured in a confirmed plan, the claim may be treated as unsecured for purposes of plan distributions by the trustee. Confirmation of this plan does not bar a party in interest from objecting to a

claim. The trustee, after the deduction of the trustee's commission and expenses, or the debtor, as indicated, shall make payments as follows:

A. <u>Attorney for the debtor</u>:

    1. The debtor and the debtors attorney have agreed to an attorneys fee in the amount of **$3000.00** for the services identified in the Rule 2016(b) disclosure statement filed in this case. The amount of **$919.00** was paid prior to the filing of the case. The remaining fee shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse $1,000.00 to the attorney from the initial disbursement.[3] Thereafter, the balance of the attorneys compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending *pro se* case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorneys fees in advance of payments to creditors.

    2. If, as an alternative to the above treatment, the debtors attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received **N/A** and for plan confirmation purposes only, the fees and expenses of counsel are estimated at **N/A** or less.

B. <u>Secured Creditor Claims:</u> The plan treats secured claims as follows:

    1. <u>General Provisions</u>: The terms of the debtors pre-petition agreement with a secured creditor shall continue to apply except as modified by this plan, the order confirming the plan, or other order of the Court. Holders of secured claims shall retain liens to the extent provided by 11 U.S.C. § 1325(a)(5)(B)(i). Secured creditors paid the full secured claim provided for by this plan shall timely satisfy any liens in the manner required by applicable law or order of this Court. Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise. Any funds that would have been paid to any such creditor will be distributed according to the remaining terms of the plan. (The preceding language does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4)). Any creditor affected by this provision may file an itemized proof of

---

[3] The chapter 13 trustee shall not at any time disburse to the debtor's attorney more than: (a) the unpaid balance of (1) the fee to be paid under the plan pursuant to paragraph 1 herein, or (2) the fee previously applied for and authorized pursuant to paragraph 2 herein, plus (b) any supplemental fee then applied for and authorized under the terms of the applicable Procedures for Approval of Attorney's Fees in Chapter 13 Cases.

claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay. Secured creditors that will be paid directly by the debtor may send standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

2. <u>Long-term or mortgage debt. No default</u>: The debtor is current on obligations to **N/A** and will continue regular payments directly to that creditor. Description of collateral: **N/A**

3. <u>Long term or mortgage debt. Curing default: 11 U.S.C. 1322(b)(3) and/or (5)</u>:

a. Arrearage payments. The trustee shall pay the arrearage as stated in the creditors allowed claim or as otherwise ordered by the Court to **Springleaf Financial Service** at the rate of **$62.00** or more per month, for **105 Iroquois Drive, Greenwood, SC 29646**, along with **0.00** interest. The creditor shall apply trustee payments solely to those designated arrearages, i.e., those arrearages accruing before the month specified in (b) below. For so long as the debtor complies with this plan, a creditor may not declare a default based on any payment delinquency to be cured by this paragraph and the creditor shall not impose any post-petition fee on account of any arrearage paid by the trustee.

b. Maintenance of regular non-arrearage payments. Beginning **June 2013**, the Debtor shall pay directly to the creditor non-arrearage payments arising under the agreement with the secured creditor. The creditor shall apply each payment under this paragraph solely to post-petition obligations that accrue during or after the month specified herein.

4. <u>Secured portion of claims altered by valuation and lien avoidance:</u>

The trustee shall pay **Greenwood Municipal Federal Credit Union (2000 Cadillac Deville Sedan)** the sum of **$129.00** or more per month, along with **5.25%** interest until the secured claim of **$4,275.00** established above is paid in full. The remaining portion of the allowed claim will be treated as a general unsecured claim.

The trustee shall pay **Regional Finance (1989 Ford F-150)** the sum of **$52.00** or more per month, along with **5.25%** interest until the secured claim of **$1,168.00** established above is paid in full. The remaining portion of the allowed claim will be treated as a general unsecured claim.

5. <u>Other secured debts (allowed claim to be paid in full without valuation or avoidance of lien)</u>:

The trustee shall pay **Badcock Furniture (refrigerator, washing machine, dryer, dining table & bedroom furniture)** the sum of **$31.00** or more per month, along with **5.25%** interest until the allowed secured claim is paid in full.

The trustee shall pay **Regional Finance (2000 Ford Taurus SES)** the sum of **$0.00** per month. **Debtors' son drives this vehicle, pays the payments on this vehicle and will continue to make the payments directly to this creditor outside of the Debtors' Chapter 13 Plan. Therefore, Trustee will make no payments to Regional Finance for this vehicle through the Plan.**

6. Surrender of property: The debtor will surrender the following property upon confirmation of the plan. The order confirming plan shall terminate the automatic stay as to that property: **Greenwood Municipal Frederal Credit Union (2008 Dodge Ram 1500).** Any creditor affected by this provision may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the surrender of the property.

7. Secured tax debt: The trustee shall pay **N/A** the sum of **N/A** or more per month until the **net balance** of creditors secured claim plus **5.25%** interest has been paid. If the lien is to be valued, the debtor shall file a separate motion to value the claim and establish priority of any remaining tax obligations. If a tax priority creditor files a claim designated as secured, is not treated as secured in this paragraph, and does not timely object to confirmation of this plan, then the claim may be paid as a priority claim for purposes of distributions from the trustee.

C. Priority Creditors: Priority claims shall be paid as follows:

1. Domestic Support Claims. 11 U.S.C. § 507(a)(1):

    a. Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to (name of DSO creditor), at the rate of $ (amount) or more per month until the balance, without interest, is paid in full.

    b. The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

    c. Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations coming due after this case was filed from the income or assets of the debtor-parent/spouse without further order or relief from the automatic stay. (Any claim for child support or alimony due before this case was filed must be collected in accordance with 11 U.S.C. § 507(a)(1) and 11 U.S.C. § 1322(a)(2).)

2. Other Priority debt. The trustee shall pay all remaining pre-petition 11 U.S.C. § 507 priority claims on a *pro rata* basis.

D. Executory Contracts and Unexpired Leases: Regular payments that arise post-petition under an executory contract or lease that is being assumed shall be paid directly by the debtor according to the terms of the contract or lease. Pre-petition defaults will be cured by payments of the sum of **N/A** or more per month by the trustee or the debtor according to

paragraph II(D). Claims arising from the rejection of executory contracts or leases shall be general unsecured claims unless otherwise ordered by the Court.

E. <u>General Unsecured Creditors:</u> General unsecured creditors shall be paid allowed claims *pro rata* by the trustee to the extent that funds are available after payment of all other allowed claims. The debtor **DOES NOT** propose to pay 100% of general unsecured claims.

**V. PROPERTY OF THE ESTATE, STATUS AND OBLIGATIONS OF THE DEBTOR AFTER CONFIRMATION:** Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the non-exempt value of all property of the estate and for protecting the estate from any liability resulting from operation of a business by the debtor. Nothing herein is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

Date: June 7, 2013

BY: /s/ ROBERT H COOPER
Robert H. Cooper Esquire, DCID #5670
THE COOPER LAW FIRM
Attorney for Debtor(s)
3523 Pelham Road Suite B
Greenville South Carolina 29615
(864) 271-9911
(864) 232-5236 Fax
www.thecooperlawfirm.com
thecooperlawfirm@thecooperlawfirm.com

Debtor: /s/ Jerry (NMN) Williams
Jerry (NMN) Williams

Debtor: /s/ Gwendolyn Genelle Williams
Gwendolyn Genelle Williams

**CERTIFICATE OF SERVICE**

The above signing parties certify that the foregoing Notice, Plan and Motions was served on all creditors and parties in interest entitled to such notice on the above stated date. The list of the specific names and addresses of parties served with the plan is attached to the plan filed with the Court.

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0420-7<br>Case 13-02027-hb<br>District of South Carolina<br>Spartanburg<br>Thu Jun  6 12:15:07 EDT 2013 | (p)W S BADCOCK<br>P O BOX 232<br>MULBERRY FL<br>33860-0232 | J. Bratton Davis United States<br>Bankruptcy Courthouse<br>1100 Laurel Street<br>Columbia, SC 29201-2423 |
| 1st Franklin Financial<br>501 Montague Ave<br>Greenwood SC 29649-1943 | 1st Franklin Financial<br>805 Montague Avenue<br>Greenwood SC 29649-1464 | 1st Franklin Financial<br>Po Box 8189<br>Greenwood SC 29649 |
| Afni<br>Attention: Bankruptcy<br>1310 Martin Luther King Dr<br>Bloomington IL 61701-1465 | Afni<br>Po Box 3097<br>Bloomington IL 61702-3097 | Allied Interstate Inc<br>3000 Corporate Exchange Dr.<br>5th Floor<br>Columbus OH 43231-7723 |
| Allied Interstate Inc<br>3000 Corporate Road<br>Columbus OH 43231 | Allied Interstate LLC<br>Po Box 4000<br>Warrenton VA 20188-4000 | Alltel<br>1001 Technology Drive<br>Little Rock AR 72223-5943 |
| Anesthesiology of Greenwood<br>621 NW Frontage Road<br>Suite 300<br>Augusta GA 30907-0929 | Best Cash Loans<br>1400 E. Cambridge Avenue<br>Greenwood SC 29646-3032 | Carolina Health Centers<br>313 Main Street<br>Greenwood SC 29646-2757 |
| Check & Go<br>1320 Bypass 72 NE<br>Greenwood SC 29649-2207 | Check 'n Go<br>4540 Cooper Road<br>Suite 305<br>Cincinnati OH 45242-5649 | Convergent Outsourcing, Inc.<br>PO Box 9004<br>Renton WA 98057-9004 |
| Credit Central<br>700 E North Street<br>Suite 15<br>Greenville, SC 29601-3013 | Credit Central<br>718 Montague Avenue<br>Greenwood SC 29649-1439 | Digestive Disease Group<br>103 Liner Drive<br>Greenwood SC 29646-2311 |
| (p)DIRECTV LLC<br>ATTN BANKRUPTCIES<br>PO BOX 6550<br>GREENWOOD VILLAGE CO 80155-6550 | GLA Collection Co Inc<br>2630 Gleeson Ln<br>Louisville KY 40299-1772 | Greenwood County Magistrate<br>528 Monument Street<br>Room 100<br>Greenwood SC 29646-2634 |
| Greenwood County Tax Collector<br>528 Monument Street<br>Suite 101<br>Greenwood SC 29646-2634 | Greenwood Municipal Federal Credit Union<br>617 Durst Ave E<br>Greenwood SC 29649-2713 | Greenwood Obstertrics<br>106 Liner Drive<br>Greenwood SC 29646-2310 |
| IC Systems Inc<br>P.O. Box 64378<br>St. Paul MN 55164-0378 | (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | Internal Revenue Service<br>Centralized Insolvency Operation<br>PO Box 7346<br>Philadelphia PA 19101-7346 |

Medical Collection
PO Box 100274
Columbia SC 29202-3274

Merchants Credit
4110 Clemson Blvd Ste A
Anderson SC 29621-1108

Merchants Credit
4126 Clemson Blvd Suite 1A
Anderson SC 29621-1190


National Credit System
117 E 24th St
New York NY 10010-2937

(p)SPRINT NEXTEL CORRESPONDENCE
ATTN BANKRUPTCY DEPT
PO BOX 7949
OVERLAND PARK KS 66207-0949

PMAB Service
PO Box 12150
Charlotte NC 28220-2150


Pediatric Dentistry of Greenwood
1202 S Carolina 72 Business
Greenwood SC 29649

Peterson and Plante Internal
1731 Laurel Street
Columbia SC 29201-2624

Piedmont Family Dentistry
3404 Cokesbury Road
Hodges SC 29653-9181


REGIONAL MANAGEMENT CORPORATION
PO BOX 776
MAULDIN, SC 29662-0776
(864) 546-3404

Regional Finance
718-A Montague Avenue
Greenwood SC 29649-1439

Republic Finance
1311 Montague Avenue Ext.
Unit C
Greenwood SC 29649-9028


Republic Finance Bankruptcy Center
7535 Airways Blvd Ste 210
Southaven, Ms 38671-5809

S. C. Department of Revenue
PO Box 12265
Columbia SC 29211-2265

Self Regional ER
PO Box 10220
Westminster CA 92685-0200


Self Regional Healthcare
1325 Spring Street
Greenwood SC 29646-3875

Self Regional Healthcare
ATTN: Patient Accts/Bankruptcy Dept
1325 Spring Street
Greenwood SC 29646-3875

Southern Credit Adjusters
2420 Professional
Rocky Mount NC 27804-2253


Southern Credit Adjusters
PO Box 2764
Rocky Mount NC 27802-2764

(p)SPRINGLEAF FINANCIAL SERVICES
P O BOX 3251
EVANSVILLE IN 47731-3251

Sprint Customer Service
ATTN: Customer Accts/Bankruptcy
6391 Sprint Parkway
Overland Park KS 66251-4300


The Cooper Law Firm
3523 Pelham Road
Suite B
Greenville SC 29615-4191

Three Rivers Health Care
2900 Sunset Blvd West
West Columbia SC 29169-3422

US Dept Of Education/GLELSI
Po Box 7860
Madison WI 53707-7860


US Dept of Education/GLELSI
2401 International
Madison WI 53704-3121

United States Department of Education
Claims Filing Unit
P O Box 8973
Madison, WI  53708-8973

Upper Savannah Radiology
PO Box 338
Greenwood SC 29648-0338


Gretchen D. Holland
3 Caledon Court, Suite A
Greenville, SC 29615-3192

Gwendolyn Genelle Williams
105 Iroquois Drive
Greenwood, SC 29646-8856

Jerry (NMN) Williams
105 Iroquois Drive
Greenwood, SC 29646-8856

Robert H. Cooper
3523 Pelham Road
Suite B
Greenville, SC 29615-4191

US Trustee's Office
Strom Thurmond Federal Building
1835 Assembly St.
Suite 953
Columbia, SC 29201-2448

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

W. S. Badcock Corporation
Post Office Box 232
Mulberry, FL 33860

(d)Badcock Furniture
1302 By-pass 72 NE
Greenwood SC 29649

DirecTV
ATTN: Customer Accts/Bankruptcy
PO Box 6550
Greenwood Village CO 80155-6550

IRS MDP 39
1835 Assembly Street
Room 469
Columbia SC 29201

Nextel Communications
P.O. Box 4181
Carol Stream IL 60197

Springleaf Financial
534 ByPass 72 NW
Greenwood SC 29649

(d)Springleaf Financial Service
534 Bypass 72 NW
Greenwood SC 29649

(d)W. S. Badcock Corporation
Post Office Box 232
Mulberry, FL 33860

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Greenwood Municipal Federal Credit Union

End of Label Matrix
Mailable recipients    61
Bypassed recipients     1
Total                  62